Thomas G. Mackey (SBN 174572)
mackeyt@jacksonlewis.com
Steven M. Zimmerman (SBN 279647)
steve.zimmerman@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dashielle Kramer, an individual,<br><br>               Plaintiff,<br><br>     vs.<br><br>Equinox Holdings, Inc., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>               Defendants. | **CASE NO.**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICK OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY JURISDICTION)** |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

1.     PLEASE TAKE NOTICE that Defendant EQUINOX HOLDINGS, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b), and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

2.     On June 9, 2020, Plaintiff Dashiell Kramer ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *DASHIELL KRAMER vs. EQUINOX HOLDINGS, INC. and DOES 1 to 100*, Case No.20STCV00794, setting forth the following six (6) causes of action:

(1) Failure to Provide Reasonable Accommodations, Cal. Gov. Code §12940; (2) Failure to Engage In Good Faith Interactive Process, Cal. Gov. Code § 12940; (3) Retaliation, Cal. Gov. Code § 12940; (4) Discrimination, Cal. Gov. Code § 12940; (5) Failure to Prevent Discrimination and Harassment, Cal. Gov. Code § 12940; and (6) Wrongful Termination In Violation of Public Policy ("Complaint").

3.     Defendant first received Plaintiff's Summons and Complaint and related court documents via service on June 12, 2020.  A copy of the Summons and Complaint received by Defendant is attached as Exhibit "A."

4.     On July __, 2020 Defendant filed and served its Answer in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached as Exhibit "B."

5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY JURISDICTION

6.     Defendant hereby properly removes the Complaint on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 on the following grounds:

a.     Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a), and resides in Los Angeles County.  (*See* Exhibit A ¶ 2.)

b.     Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332(c)(1), because it now is and was at all times incorporated under the laws of that state. (*See id*. ¶ 3.)

c.     Defendant also was, at the time of filing of the Complaint, and still is, a citizen of the State of New York within the meaning of 28 U.S.C. § 1332(c)(1), because its principal place of business is in the State of New York.

d.     The presence of Doe defendants has no bearing on the diversity with

respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## I.      AMOUNT IN CONTROVERSY

7.      In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth in Plaintiff's Complaint may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

8.      Without conceding Plaintiff will prevail on his claims (which Equinox expressly denies), the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

9.      Plaintiff's causes of action for discrimination, retaliation, failure to prevent discrimination and failure to accommodate his alleged disability can each independently satisfy the jurisdictional amount in controversy requirement. Under the California Fair Employment and Housing Act, which governs these claims, Plaintiff may recover lost earnings, non-economic damages such as emotional distress, punitive damages, and reasonable attorneys' fees and costs as a prevailing party. Govt. Code § 12965.

10.     Plaintiff alleges that, at the time of Plaintiff's separation from employment in July 2019, he was employed by Defendant as an Assistant General Manager. (*See* Exhibit A ¶ 10.)  Plaintiff was actually paid $74,417.50 annually at that time.  Thus, from the date of Plaintiff's termination on July 19, 2019 to the date he filed this lawsuit on June 20, 2020, Plaintiff will claim approximately eleven months' lost earnings, or $68,216.  Furthermore, any judgment in this case likely will not be rendered until at least 2021.  If successful, Plaintiff may seek at least two (2) years of lost earnings, or $148,835, in backpay alone. Thus, if Plaintiff prevails on his claims for relief under the Fair Employment and Housing Act (which Equinox maintains he should not), without even taking claims for future economic damages, or front pay, he would seek to recover at least nearly twice the jurisdictional minimum amount in controversy.

11.     Plaintiff also seeks to recover damages for alleged emotional distress he sustained in connection with his employment and/or termination.  Because emotional distress damages can amount to fifty percent (50%) or more of an employment  plaintiff's annual earnings, Plaintiff may recover $31,000.00 for emotional distress damages if he prevails in this matter.

12.     Thus, without even taking attorneys' fees and costs, or punitive damages into account, Plaintiff's possible recovery under the facts as alleged in his Complaint more than satisfies the jurisdictional prerequisite for the amount in controversy.  It cannot be said with legal certainty that Plaintiff would *not* be entitled to recover the jurisdictional amount (though Equinox maintains that he is not).  *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship,* 20 F.3d 383, 386-87 (10th Cir. 1994).  Therefore, the alleged claims in Plaintiff's Complaint demonstrate that the amount in controversy exceeds the requirements under 28 U.S.C. §1332(a).

## II.   **REMOVAL JURISDICTION**

13.     This Notice of Removal is filed within thirty (30) days after Defendant was served with a copy of the Summons and Complaint in this case, pursuant to California Civil Code sect. 415.30, and within one year after the state court action was filed.

1
2
3
4

14.     Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§1391(a) and 1441(b), because the state court action was filed in this District and this is the judicial district in which the action arose.

5
6

WHEREFORE, Defendant prays that the above-action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

7
8
9
10

Dated:  July 10, 2020                              JACKSON LEWIS P.C.

11
12
13

By:/s/Thomas G. Mackey
Thomas G. Mackey
Steven M. Zimmerman

14
15

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Equinox Holdings, Inc., a Delaware Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dashiell Kramer, individually,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Monica Courthouse<br>1725 Main Street Santa Monica, CA 90401 | CASE NUMBER: *(Número del Caso):*<br>20SMCV00794 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Jaurigue; Jaurigue Law Group; 300 W. Glenoaks Blvd Suite 300 Glendale, CA 91202; 818-630-7280

| DATE:<br>*(Fecha)* 06/09/2020 | Clerk, by<br>*(Secretario)* J. Bradley | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

Sherri R. Carter Executive Officer / Clerk of Court

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **Equinox Holdings, Inc., a Delaware Corporation**

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

Case 2:20-cv-06169   Document 5   Filed 07/10/20   Page 8 of 44   Page ID #:14
20SMCV00704
Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Craig Karlan

Electronically FILED by Superior Court of California, County of Los Angeles on 06/09/2020 02:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Bradley,Deputy Clerk

Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697

*Attorneys for Plaintiff*
Dashiell Kramer

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Dashiell Kramer, individually,<br><br>Plaintiff,<br><br>v.<br><br>Equinox Holdings, Inc., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1. Failure to Provide Reasonable Accommodations, Cal. Gov. Code § 12940<br>2. Failure to Engage in Good Faith Interactive Process, Cal. Gov. Code § 12940<br>3. Retaliation, Cal. Gov. Code § 12940<br>4. Discrimination, Cal. Gov. Code § 12940<br>5. Failure to Prevent Discrimination and Harassment, Cal. Lab. Code § 12940<br>6. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Dashiell Kramer, individually, brings this action against Defendants Equinox Holdings, Inc. and DOES 1 through 50, inclusive.

### PARTIES

2. Plaintiff is, and at all times relevant to this action was, a resident of Los Angeles County, California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Equinox Holdings, Inc. is a Corporation organized under the laws of the State of Delaware.

4. Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names. The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

5. Plaintiff is informed and believes and on that basis alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

6. Equinox Holdings, Inc. and Does 1 through 50, inclusive, are collectively referred to hereafter as "Defendants."

### JURISDICTION AND VENUE

7. The amount of damages sought herein is greater than $25,000. Hence this case is within the unlimited jurisdiction of this Court.

8. This Court has jurisdiction over Equinox Holdings, Inc. because at all times relevant, it is and was authorized to transact, and is transacting business in Los Angeles County, California.

9. Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Los Angeles County, California.

### GENERAL ALLEGATIONS

10. Plaintiff began his employment with Defendants on or around October 19, 2015 as an Assistant General Manager, and was compensated an annual salary of $62,000.

COMPLAINT

11.     On information and belief, Plaintiff verbally informed his superior that he was seeing a therapist in early 2019. At this point, Plaintiff was already suffering from anxiety and depression, so he requested to be transferred to the Texas location to be closer to family. Management did not approve his request.

12.     In or around May of 2019, Plaintiff informed his superior that he was suffering from anxiety and depression. Plaintiff asked Defendants if they needed a medical note as proof. Plaintiff was told by his superior that they did not need the medical note.

13.     In or around June of 2019, just one month after giving Defendants notice of Plaintiff's disability, Plaintiff was written up for poor performance. Defendants attempted to coerce Plaintiff into signing the performance evaluation, but Plaintiff did not sign it.

14.     The following day, Plaintiff met with his superiors. Plaintiff requested that if there are any issues with his performance in the future, they let him know immediately, so that Plaintiff would have an opportunity to timely correct the issue.

15.     Defendants terminated Plaintiff's employment on or around July 19, 2019. Plaintiff received a confirmation via e-mail that he has been terminated, followed by a verbal notice shortly thereafter. Plaintiff was never provided a reason for his termination.

16.     Plaintiff was surprised because the alleged performance issue was never brought to his attention. Plaintiff was not even aware that he was performing "poorly." Plaintiff was never disciplined or written up prior to informing Defendants about his illness. Evidence will show that Plaintiff started to get reprimanded shortly after he informed Defendants that he was suffering from anxiety and depression, a clear discriminatory and retaliatory act by the Defendants.

### FIRST CAUSE OF ACTION

*Failure to Provide Reasonable Accommodations*

*Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

17.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

18.     Government Code section 12940(m)(1) provides in relevant part:

It is an unlawful employment practice. . . (m)(1) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

19.     California Code of Regulations, Title 2 section 11068 provides in relevant part:

(a) Affirmative Duty. An employer or other covered entity has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship.
. . .
(e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

20.     Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

21.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

22.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

23.     Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disability so that he would be able to perform the essential job requirements.

24.     Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process.

25.     Plaintiff was discharged in violation of the Fair Employment and Housing Act by Defendants due to Plaintiff's disability.

26.     Plaintiff suffered harm when he was denied a reasonable accommodation by Defendants.

27.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

28.     Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's

1    economic and noneconomic damages caused by Defendants' discriminatory practices based on

2    Plaintiff's disability and violation of the Fair Employment and Housing Act. Plaintiff is also entitled to

3    reasonable attorney's fees and costs pursuant to Government Code section 12965.

4          29.     The conduct of Defendants and each of them as described above was malicious,

5    fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.

6    Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

7    ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages

8    against each of said Defendants.

9                           ***SECOND CAUSE OF ACTION***

10                *Failure to Engage in Good Faith Interactive Process*

11                        *Cal. Gov. Code § 12940*

12             *(On Behalf of Plaintiff Against All Defendants)*

13          30.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

14    forth in this Complaint.

15          31.     Government Code section 12940(n) provides in relevant part:

16
17
18
19

           It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

20
21          32.     California Code of Regulations Title 2 section 11069 provides in relevant part:

22
23
24
25
26

           (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the process.

27
28          33.     Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

34.   Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

35.   Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

36.   Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disabilities so that he would be able to perform the essential job requirements.

37.   Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process.  Instead, Defendants terminated due to Plaintiff's disability.

38.   At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

39.   Plaintiff was discharged in violation of the Fair Employment and Housing Act by Defendants due to Plaintiff's disability.

40.   Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process with Plaintiff.

41.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

42.   Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's economic and noneconomic damages caused by Defendants' discriminatory practices based on Plaintiff's disability and violation of the Fair Employment and Housing Act.  Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

43.   The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

COMPLAINT

1

***THIRD CAUSE OF ACTION***

2

*Retaliation*

3

*Cal. Gov. Code § 12940*

4

*(On Behalf of Plaintiff Against All Defendants)*

5

      44.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

6

forth in this Complaint.

7

      45.    Cal. Gov. Code § 12940(m)(2) provides that it is an unlawful employment practice:

8

           For an employer or other entity covered by this part to … retaliate or

9

           otherwise discriminate against a person for requesting accommodation
           under this subdivision, regardless of whether the request was granted.

10

11

      46.    Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

12

      47.    Defendants terminated Plaintiff's employment.

13

      48.    On information and belief, Plaintiff's request for accommodation was a substantial

14

motivating reason for Defendants' decision to terminate Plaintiff's employment.

15

      49.    Plaintiff was harmed.

16

      50.    Defendants' decision to terminate Plaintiff's employment was a substantial factor in

17

causing Plaintiff's harm.

18

      51.    The conduct of Defendants and each of them as described above was malicious,

19

fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.

20

Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

21

ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages

22

against each of said Defendants.

23

***FOURTH CAUSE OF ACTION***

24

*Discrimination*

25

*Cal. Gov. Code § 12940*

26

*(On Behalf of Plaintiff Against All Defendants)*

27

      52.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

28

forth in this Complaint.

COMPLAINT

53.     Government Code section 12940(a) provides in relevant part:

> It is an unlawful employment practice. . . (a) [f]or an employer, because of the … mental disability … of any person, … to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

54.     Defendants wrongfully discriminated against Plaintiff based on Plaintiff's disability.

55.     Plaintiff faced discrimination based on Plaintiff's disability and a hostile work environment during Plaintiff's time as an employee of Defendants.

56.     Defendants were aware of Plaintiff's disability.

57.     Plaintiff was able to perform his essential job duties with reasonable accommodation for his disability.

58.     Defendants discharged Plaintiff.

59.     Plaintiff believes and alleges that Plaintiff's disability was a substantial and determining factor in Defendants' decision to terminate Plaintiff's employment.

60.     Defendants' termination of Plaintiff as alleged in this complaint constitutes an unlawful employment practice in violation of Cal. Gov. Code § 12940(a).

61.     As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

62.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### FIFTH CAUSE OF ACTION

*Failure to Prevent Discrimination*

*Cal. Lab. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

63.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

64.     Government Code section 12940(m)(2) provides in relevant part:

> It is an unlawful employment practice . . . (k) For an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

65.     Defendants wrongfully failed to take all reasonable steps necessary to prevent discrimination of Plaintiff based on his disability.

66.     Plaintiff suffered and continues to suffer harm as a result of Plaintiff's discharged by Defendants.

67.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

68.     Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's economic and noneconomic damages caused by Defendants' unlawful practices.  Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

69.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### SIXTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

70.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

9

71.    Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

72.    Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy.

73.    Plaintiff was harmed.

74.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

75.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests the following relief:

1.    For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress and pain and suffering, according to proof as allowed by law;

2.    For an award of punitive damages as allowed by law;

3.    For a declaratory judgment that Defendants has violated California public policy;

4.    For an award of prejudgment and post-judgment interest;

5.    For award of reasonable attorneys' fees;

6.    For all costs of suit; and

7.    For an award of any other and further legal and equitable relief as the Court deems just and proper.

Dated: June 9, 2020                                                  JAURIGUE LAW GROUP


                                                                             *Michael Jaurigue*

                                                                             Michael J. Jaurigue
                                                                             Ryan A. Stubbe
                                                                             *Attorneys for Plaintiff*
                                                                             Dashiell Kramer

## *DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all causes of action.

Dated: June 9, 2020

JAURIGUE LAW GROUP

*Michael Jaurigue*

Michael J. Jaurigue
Ryan A. Stubbe
*Attorneys for Plaintiff*
Dashiell Kramer

11

COMPLAINT

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Michael Jaurigue (SBN 208123); Ryan Stubbe (SBN 289074) <br> Jaurigue Law Group <br> 300 W. Glenoaks Blvd Suite 300 <br> Glendale, CA 91202 <br> TELEPHONE NO.: 818-630-7280  FAX NO.: 888-879-1697 <br> ATTORNEY FOR *(Name):* Dashiell Kramer | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: Santa Moncia Courthouse

CASE NAME:
Dashiell Kramer v. Equinox Holdings, Inc

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/09/2020
Michael Jaurigue
_____ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE: Dashiell Kramer v. Equinox Holdings, Inc | CASE NUMBER |
|---|---|
| | |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Dashiell Kramer v. Equinox Holdings, Inc | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Dashiell Kramer v. Equinox Holdings, Inc | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Dashiell Kramer v. Equinox Holdings, Inc | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>10250 Santa Monica Blvd |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90067 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 6/9/2020

_Michael Jaurigue_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/09/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Bradley _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20SMCV00794 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Craig D. Karlan | N | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/11/2020
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Bradley _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Unlimited Civil – General Independent Calendar (IC)**

1. Alternative Dispute Resolution (ADR) Information Packet (LASC CIV 271 Rev. 1/20)     2 pages
2. Voluntary Efficient Litigation Stipulations (LACIV 230 Rev. 4/11)     9 pages



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
  - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
    - Free, day- of- trial mediations at the courthouse. No appointment needed.
    - Free or low-cost mediations before the day of trial.
    - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
      http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer.EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

<span style="font-size:smaller">(INSERT DATE)</span>   <span style="font-size:smaller">(INSERT DATE)</span>

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Date: _____

_____                ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:               FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2020 11:30 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

Thomas G. Mackey (SBN 174572)
Steven M. Zimmerman (SBN 279647)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
mackeyt@jacksonlewis.com
steve.zimmerman@jacksonlewis.com

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Dashielle Kramer, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Equinox Holdings, Inc., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  20SMCV00794<br><br>[*Assigned for All Purposes to the Hon. Craig D. Karian, Department N*]<br><br>**DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: June 9, 2020 |

Defendant EQUINOX HOLDINGS, INC. ("Defendant") answers the unverified complaint filed by Plaintiff DASHIELL KRAMER ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint and deny that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

///

///

///

---

1

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.     The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

2.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity provisions under the California Workers' Compensation Act, Labor Code § 3200, *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

3.     The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure § 335.1 and California Government Code §§ 12960 and 12965.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust)**

4.     The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust mandatory administrative remedies including, but not limited to, the California Fair Employment Housing Act.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines, Laches)**

5.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrines of laches, estoppel, waiver, consent and unclean hands.

///

///

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

### SIXTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Justification)

6.      Plaintiff's Complaint, and each purported cause of action therein, is barred because, even if a discriminatory reason had been a motivating factor in any employment decisions toward Plaintiff (which Defendant expressly denies), Defendant would have made the same employment decision toward Plaintiff for separate legitimate, non-discriminatory and non-retaliatory business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

7.      Plaintiff's claim that Defendant failed to reasonably accommodate an alleged disability is barred because Plaintiff could not be reasonably accommodated due to undue hardship, job-related reasons and/or business necessities.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

8.      Although Defendant denies it committed or has responsibility for any act that could support the recovery of damages in this lawsuit, to the extent Plaintiff alleges violations of the California Fair Employment Housing Act, which alleged violations Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine.  Defendant took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to utilize such available preventive and corrective measures and reasonable use of such preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.  *See State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

9.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### TENTH AFFIRMATIVE DEFENSE

#### (Offset)

10.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

must be offset by any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

11.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 128.7 and California Government Code § 12965 upon judgment thereon in Defendant's favor.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing herein;

2.     That the action be dismissed in its entirety and/or judgment be entered in Defendant's favor against Plaintiff;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     For reasonable attorneys' fees pursuant to California Government Code § 12965;

5.     For costs of suit herein; and

6.     For such other and further relief as the Court may deem just and proper.

Dated:  July 8, 2020                          JACKSON LEWIS P.C.


By:_____
    Thomas G. Mackey
    Steven M. Zimmerman

    Attorneys for Defendant
    EQUINOX HOLDINGS, INC.

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**      \*

**CASE NUMBER:**    \*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On July 8, 2020, I served the documents described as:

**DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

in this action addressed as follows:

Michael J. Jaurigu
Ryan A. Stubbe
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
michael@j1glawyers.com
ryan@j1glawyers.com
Telephone: 818.630.7280
Facsimile: 888.879.1697

Attorneys for Plaintiff
Dashiell Kramer


**[]      BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Klodya.casas@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX]    STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 8, 2020, at Los Angeles, California.

_____
Klodya Casas

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES