Thomas G. Mackey (SBN 174572)
mackeyt@jacksonlewis.com
Tony Zhao (SBN 313328)
tony.zhao@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dashiell Kramer, individually,<br><br>Plaintiff,<br><br>vs.<br><br>Equinox Holdings, Inc., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.  2:20-cv-06169-FMO-JEM**<br><br>**DEFENDANT EQUINOX HOLDINGS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference<br><br>Date:  October 1, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 6D |

**TO THE COURT, PLAINTIFF AND COUNSEL OF RECORD:**

Pursuant to Federal Rule of Civil Procedure, Local Rule 16-4, Defendant EQUINOX HOLDINGS, INC. ("Defendant" or "Equinox") hereby submits its Memorandum of Contentions of Fact and Law:

I.    **CLAIMS AND DEFENSES (L.R. 16-4.1)**

A.    **Summary Statement of the Claims Plaintiff Has Pled and Defendant Believes He Plans to Pursue (L.R. 16-4.1(a))**

Claim 1: Failure to Accommodate Disability in Violation of Gov. Code § 12940(m).

Claim 2: Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n).

Claim 3: Retaliation in Violation of California Government Code § 12940(h).

Claim 4: Disability Discrimination in Violation of California Gov. Code § 12940 e seq.

1

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1    Claim 5: Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k).

2    Claim 6: Wrongful Discharge in Violation of Public Policy.

3    **B.**    **The Elements Required to Establish Plaintiff's Claims (L.R. 16-4.1(b))**

4    **Claim 1: Failure to Accommodate Disability in Violation of Gov. Code § 12940(m).**

5    Plaintiff must prove the following elements:

6    1)    Defendant was an employer.

7    2)    Plaintiff was an employee of Defendant.

8    3)    Plaintiff had a medical condition that limited a major life activity.

9    4)    Defendant knew of Plaintiff's medical condition.

10   5)    Plaintiff was able to perform the essential job duties of his position or a vacant alternative

11   position to which he could have been reassigned with reasonable accommodation for his

12   medical condition.

13   6)    Defendant failed to provide reasonable accommodation for Plaintiff's medical condition.

14   7)    Plaintiff was harmed.

15   8)    Defendant's failure to provide reasonable accommodation was a substantial factor in

16   causing Plaintiff's harm.

17   *See* CACI No. 2541.

18   **Claim 2: Failure to Engage in Interactive Process in Violation of Gov. Code §**

19   **12940(n).**

20   Plaintiff must prove the following elements:

21   1)    Defendant was an employer.

22   2)    Plaintiff was an employee of Defendant.

23   3)    Plaintiff had a medical condition that was known to Defendant

24   4)    Plaintiff requested that Defendant make reasonable accommodation for his medical

25   condition so that he would be able to perform the essential job requirements.

26   5)    Plaintiff was willing to participate in an interactive process to determine whether

27   reasonable accommodation could be made so that he would be able to perform the essential

28   job requirements.

2

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

6)  Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

7)  Plaintiff was harmed.

8)  Defendant's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

*See* CACI No. 2546.

**Claim 3: Retaliation in Violation of California Government Code § 12940(h).**

1)  Plaintiff requested accommodation for his medical condition.

2)  Plaintiff was subject to an adverse employment action.

3)  Plaintiff's request for accommodation was as a substantial motivating reason for the adverse employment action.

4)  Plaintiff was harmed.

5)  Defendant's conduct was a substantial factor in causing his harm.

*See* CACI No. 2505.

**Claim 4: Disability Discrimination in Violation of California Gov. Code § 12940 et seq.**

Plaintiff must prove the following elements:

1)  Defendant was an employer.

2)  Plaintiff was an employee of Defendant.

3)  Defendant knew that Plaintiff had a medical condition that limited a major life activity.

4)  Plaintiff was able to perform the essential job duties of his position with or without accommodation.

5)  Defendant subjected Plaintiff to an adverse employment action.

6)  Plaintiff's medical condition was a substantial motivating reason for the adverse employment action against Plaintiff.

7)  Plaintiff was harmed.

8)  Defendant's conduct was a substantial factor in causing Plaintiff's harm.

*See* CACI No. 2541.

3

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**Claim 5: Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k).**

Plaintiff must prove the following elements:

1)      Plaintiff was an employee of Defendant.

2)      Plaintiff was subjected to discrimination/retaliation in the course of his employment.

3)      Defendant failed to take all reasonable steps to prevent the discrimination/retaliation.

4)      Plaintiff was harmed.

5)      Defendant's failure to take all reasonable steps to prevent discrimination/retaliation was a substantial factor in causing Plaintiff's harm.

*See* CACI No. 2527.

**Claim 6: Wrongful Discharge in Violation of Public Policy.**

Plaintiff must prove the following elements:

1)      Plaintiff was an employee of Defendant.

2)      Defendant discharged Plaintiff.

3)      Plaintiff's alleged disability or request for accommodation was a substantial motivating reason for Plaintiff's discharge.

4)      Plaintiff was harmed.

5)      The discharge was a substantial factor in causing Plaintiff's harm.

*See* CACI No. 2430.

**C.      Description of Key Evidence in Opposition to Plaintiff's Claims (L.R. 16-4.1(c))**

**Claim 1: Failure to Accommodate Disability in Violation of Gov. Code § 12940(m).**

The key evidence Defendant will offer to oppose this claim will demonstrate that Plaintiff cannot prove elements 3 (that Plaintiff had a disability), 4 (that Defendant either knew Plaintiff had, or perceived Plaintiff to have, a disability, and 6 "Defendant failed to provide reasonable accommodation).

Through testimony from Plaintiff, his supervisors, and Defendants human resources personnel, Defendant will demonstrate that Plaintiff never disclosed any purported disability to anyone at Defendant during his employment.  These witnesses will also confirm that neither they, nor anyone else working at Defendant, ever knew or perceived Plaintiff to be disabled.  These witnesses will further establish that Plaintiff never requested a reasonable accommodation, and did not otherwise place Defendant on notice

4

1   that he required such an accommodation.  As such, Defendant did not fail to provide Plaintiff with any

2   such accommodation.

3   **Claim 2: Failure to Engage in Interactive Process in Violation of Gov. Code §**

4   **12940(n).**

5   The key evidence Defendant will offer to oppose this claim will demonstrate that Plaintiff cannot

6   prove elements 4 (that Plaintiff requested a reasonable accommodation), 5 (that Plaintiff was willing to

7   participate in an interactive process to determine whether reasonable accommodation could be made,) and

8   6 (that Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine

9   whether reasonable accommodation could be made.)

10  Through testimony from Plaintiff, his supervisors, and Defendants human resources personnel,

11  Defendant will demonstrate that Plaintiff never disclosed any purported disability to that might require an

12  accommodation, or otherwise put Defendant on notice that he requested or required an accommodation.

13  These witnesses will further establish that Plaintiff never expressed or demonstrated any willingness to

14  engage in a dialogue with Defendant regarding an accommodation and, as such, Defendant did not fail to

15  respond by engaging in such a dialogue.

16  **Claim 3: Retaliation in Violation of California Government Code § 12940(h).**

17  The key evidence Defendant will offer to oppose this claim will demonstrate that Plaintiff cannot

18  prove elements 1 (that Plaintiff requested an accommodation) and 3 (that Plaintiff's alleged request was a

19  substantial motivating reason for his termination).  As to element 1, Defendant will establish through

20  testimony from Plaintiff, his supervisors, and Defendant's human resources personnel that Plaintiff never

21  requested an accommodation or otherwise placed Defendant on notice that he required such an

22  accommodation.  As to element 3, Defendant will establish through testimony and extensive documentary

23  evidence that Plaintiff demonstrated substandard job performance over an extended period of time, that

24  Defendant put Plaintiff on notice that his performance was substandard and counseled him to improve,

25  and that Plaintiff's employment was terminated only after he failed to improve his performance.

26  Documentary evidence will include performance reviews and written counseling, as well as

27  contemporaneous written communications with Plaintiff, and also among his managers and Defendant's

28  human resources personnel, regarding Plaintiff's substandard performance and efforts made to improve

that performance.

**Claim 4: Disability Discrimination in Violation of California Gov. Code § 12940 e seq.**

The key evidence Defendant will offer to oppose this claim will demonstrate that Plaintiff cannot prove elements 3 (that Defendant knew or perceived Plaintiff to be disabled) and 6 (that Plaintiff's alleged disability was a substantial motivating reason for his termination). As to element 3, Defendant will establish through testimony from Plaintiff, his supervisors, and Defendant's human resources personnel that Plaintiff never disclosed to Defendant, or otherwise placed Defendant on notice, that he suffered from any disability. As to element 6, Defendant will establish through testimony and extensive documentary evidence that Plaintiff demonstrated substandard job performance over an extended period of time, that Defendant put Plaintiff on notice that his performance was substandard and counseled him to improve, and that Plaintiff's employment was terminated only after he failed to improve his performance. Documentary evidence will include performance reviews and written counseling, as well as contemporaneous written communications with Plaintiff, and also among his managers and Defendant's human resources personnel, regarding Plaintiff's substandard performance and efforts made to improve that performance.

**Claim 5: Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k).**

The key evidence Defendant will offer to oppose this claim will demonstrate that Plaintiff cannot prove element 2 (that Plaintiff was subjected to discrimination or retaliation). This is the same evidence Defendant will present to oppose Plaintiff's third and fourth claims. Defendant will also present evidence to demonstrate that Plaintiff cannot carry his burden to prove that Defendant took all reasonable steps to prohibit discrimination or retaliation. Plaintiff and his managers were properly apprised of reasonable and appropriate policies designed to address potential disability discrimination and retaliation, and that they followed all such policies.

**Claim 6: Wrongful Discharge in Violation of Public Policy.**

The key evidence Defendant will offer to oppose this claim will demonstrate that Plaintiff cannot prove element 3 (that Plaintiff's alleged disability or request for accommodation was a substantial motivating reason for his termination). This is the same evidence Defendant will present to oppose Plaintiff's third and fourth claims.

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

### D.     Summary Statement of Defendant's Affirmative Defenses (L.R. 16-4.1(d)-(f))

**Second Affirmative Defense (Workers Compensation Preemption)**

To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

Elements Required to Establish the Second Affirmative Defense

Plaintiff's claims are preempted if the disputed conduct upon which he bases his claims for injury is a normal part of the employment relationship and the compensation bargain, whether caused by negligent or intentional acts.  *See Livitsanos v. Superior Court* (1992) 2 Cal. 4th 744, 754-755; *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160   ("an employee suffering emotional distress…may not avoid the exclusive remedy provision of the Labor Code by characterizing the employer's decision as manifestly unfair, outrageous, harassment or intended to cause emotional disturbance… the action is barred by the exclusiveness clause no matter what its name or technical form."); *Fermino v. Fedco, Inc.* (1994) 7 Cal.4th 701, 708; *Arendall v. Auto Parts Club, Inc.* (1994) 29 Cal.App.4th 1261, 1265.

**Eighth Affirmative Defense (Avoidable Consequences)**

Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

Elements Required to Establish the Eighth Affirmative Defense:

Defendant must prove that (1) it established and communicated to Plaintiff appropriate policies and procedures designed to avoid the harm that might be caused by violations of laws prohibiting discrimination or retaliation in the workplace; (2) that Plaintiff unreasonably failed to utilize available preventive or corrective opportunities created by these policies or procedures in order to avoid harm; and (3) had Plaintiff utilized Defendant's policies and procedures, he would in fact have avoided harm.  *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

Description of Evidence in Support of This Affirmative Defense:

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

The evidence upon which Defendant will rely in support of this affirmative defense substantially overlaps the evidence that will demonstrate Plaintiff cannot prove his claims for failure to accommodate his disability and for failure to engage in the interactive dialogue.  Plaintiff never disclosed, or in any manner put Defendant on notice that he suffered from any disability or required any accommodation.  He certainly never complained to Defendant about any discrimination or retaliation based upon an alleged disability or request for accommodation.  To the extent he claims any injuries based upon any of the conduct alleged in his Complaint, Plaintiff's failure to provide Defendant the opportunity to address his needs or complaints bars recovery.

**Ninth Affirmative Defense (Failure to Mitigate Damages)**

Elements Required to Establish the Ninth Affirmative Defense:

Plaintiff is not entitled to recover damages for economic losses that Defendant proves Plaintiff could have avoided by returning to gainful employment as soon as it is reasonable for him to do so.  See CACI § 3962.

Plaintiff could have promptly obtained employment in a similar occupation following his termination.  His failure to do so is fatal to his claim for lost earnings.

**Tenth Affirmative Defense (Offset)**

Elements Required to Establish the Fifth Affirmative Defense:

Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased his employment with Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal.2d 57 (1961) and its progeny.

Plaintiff's earnings through other employment following his termination from Defendant are to be deducted from any claims he brings for past or future lost earnings.

## II.   IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES AND DEFENDANT'S POSITION ON THE ISSUES (L.R. 16-4.1(h))

Plaintiff appears to intend to call no fewer than eight witnesses whom he has never disclosed as required by Fed. R. Civ. P. 26(a)(1)(A)(i) and 26(e).  These witnesses include Eric Strangis, Michael Fernandez, Jeffrey Peters, Kris Vangelisti, Alexandra Carver, Sharmineh O'Farrill, Max Bell, and Allison J. Lee, Ph.D.  Other than Dr. Lee, each of these witnesses is described only as an apparent employee and

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

of Defendant and former co-worker of Plaintiff.  Dr. Lee appears to be a psychologist with whom Plaintiff treated in 2019 and 2020.  The Parties engaged in their meeting of counsel, as required by this Court, on August 23, 2021 for the purpose of, among other things, exchanging witnesses and exhibits.  Plaintiff did not at that time disclose the names of any of the witnesses he actually intended to call at trial.  Plaintiff first disclosed this information on September 9, 2021, thereby precluding Defendant from addressing this issue via motion *in limine*.  Fed. R. Civ. P. 37(c)(1) provides that if a party fails to identify a witness as required by Rules 26(a) or (e), the party is not allowed to use that witness at trial.  Accordingly, Plaintiff should not be allowed to call these eight witnesses at trial.

## III.    BIFURCATION OF ISSUES (L.R. 16-4.3)

Defendant requests that that issue of punitive damages be bifurcated from the issues of liability and non-punitive damages, and that no evidence regarding Defendant's financial condition be admitted unless and until the jury returns an initial verdict finding that Defendant acted with the requisite malice, fraud or oppression to warrant further determination on the issue of punitive damages.  Based upon the Parties' meet and confer discussions in advance of their pre-trial filings, Plaintiff has agreed and will stipulate to such bifurcation.

## IV.    ABANDONMENT OF ISSUES (l.r. 16-4.6)

Defendant abandons its affirmative defenses other than the Second, Eighth, Ninth, and Tenth Affirmative Defenses as set forth herein.

Dated:  September 10, 2021              JACKSON LEWIS P.C.


By:/s/Thomas G. Mackey
   Thomas G. Mackey
   Tony Zhao

   Attorneys for Defendant
   EQUINOX HOLDINGS, INC.

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**